

<table>
<tr><td>**GEORGIA M. PESTANA**<br>*Corporation Counsel*</td><td align="center">T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small><br>**L<small>AW</small> D<small>EPARTMENT</small>**<br>100 CHURCH STREET<br>NEW YORK, NY 10007</td><td>Copatrick Thomas<br>Phone: (212) 356-0885<br>Fax: (212) 356-2089<br>cthomas@law.nyc.gov<br>(not for service)</td></tr>
</table>

December 20, 2021

**VIA ECF**
Hon. Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

      Re: <u>A.W. v. City of New York, et al</u>
           No. 19-CV-7011 (MKB) (JO)

Dear Judge Henry:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for the New York City Department of Education ("DOE") in the above-referenced action. I write jointly with all other attorneys of record to address the items listed in the Court's November 30, 2021 Order.

      **Plaintiffs' position**

      Plaintiff certifies that fact discovery has closed. While Ms. Moreno has not been deposed, Plaintiff no longer wishes to depose her. Plaintiff is also not seeking any additional discovery. After having reviewed the Court's November 30, 2021 Order, which granted the sixth extension of discovery request, as detailed below, Plaintiff believes that no extraordinary circumstances exist and fact discovery should conclude. Notably, at least in the draft of the joint letter Defendants provided to Plaintiff, Defendants have not identified the specific documents or categories of discovery which they claim to be outstanding, have not detailed their efforts during discovery to obtain them, have not explained why they have been unable to obtain them despite their diligent efforts, and have not explained why extraordinary circumstances exist.

      Notably, Defendants have never moved to compel any discovery. Defendants have also not provided any releases for the discovery they now claim could not have previously been produced. Nothing was discovered during the deposition of A.W., which now serves as a

basis for seeking an extension of discovery for the documents sought by Defendants. Furthermore, not only have Defendants not requested the documents from the providers. Defendants have not even provided Plaintiff with authorizations for the documents they are now seeking. As there is nothing that prevented Defendants from seeking these documents or providing these authorizations during the prior 18 months that discovery has been ongoing, there is no basis to now find extraordinary circumstances.

Plaintiff turned over all of the requested medical records in his possession months ago. While Plaintiff would have signed additional authorizations, none were ever provided by Defendants.

With respect to expert discovery, Plaintiff objects to Defendants proposed expert discovery schedule and submits that both parties should simultaneously identify any experts that they affirmatively wish to rely on as experts by January 24, 2021, rebuttal reports should be due by March 7, 2022, expert depositions by April 4, 2022, and all expert discovery completed by April 11, 2022.

While Plaintiff made a settlement demand, Defendants have not provided an offer, but Plaintiff would consent to a settlement conference before Your Honor.

**Defendants' position**

As the Court is aware, on November 30, 2021, the Court extended the close of fact discovery to December 20, 2021, primarily to allow the parties time to hold various depositions. Following the Court's Order, four depositions were held on December 1, December 16, and December 17, including Plaintiff E.W.'s deposition, Defendant Baluyot's deposition, and the depositions of two non-party DOE witnesses.[1]

During the course of the four depositions that were taken, various requests for production were made by both Plaintiffs and Defendants. Additional time is needed by all parties to adequately respond to these new requests. In addition, Defendants recently became aware that Plaintiff A.W.'s complete medical file was not provided in discovery, and Defendants are currently making efforts to independently obtain these documents. This issue was raised with Plaintiffs' counsel, Brian Bromberg, Esq., last week, and he agreed that Plaintiff E.W. would complete additional HIPAA-compliant releases for this purpose. Accordingly, Defendants are unable to certify the close of fact discovery. Defendants apologize for this delay and are working to complete the remaining discovery as expeditiously as possible, and respectfully request an extension of 30 days, from December 20, 2021 to January 19, 2022, to do so.

---

[1] Although the parties had anticipated holding a fifth deposition on December 16, 2021, due to unexpected circumstances, the deposition witness, a DOE employee, was not available on that date. On or about November 18, 2021, the witness underwent emergency eye surgery. Unfortunately, her recovery following surgery has been very slow, and, as of last week, she was still unable to see from her left eye. In light of this, the witness was not able to appear for her deposition on December 16.

- 3 -

In addition, Defendants respectfully propose the following expert discovery schedule:

- Plaintiffs' expert reports by March 2, 2022;
- Defendants' expert reports by April 1, 2022;
- Expert depositions by May 3, 2022; and
- All expert discovery completed by May 17, 2022.

Although Plaintiffs have previously made a settlement demand, the parties have not yet engaged in settlement discussions. Defendants anticipate that the parties will be better able to do so at the conclusion of fact discovery. The proposed schedule above should allow the parties time to engage in settlement discussions before undertaking costly expert discovery. Defendants do not believe a referral to the EDNY Mediation Program or a settlement conference before the Court would be productive at this time.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/
Copatrick Thomas
Assistant Corporation Counsel

cc:   Attorneys of Record (via ECF)